NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ALEJANDRO IZQUIERDO, | : |
| Plaintiff, | : Civil Action No. 12-7298(DRD) |
| v. | : **OPINION** |
| STATE OF NEW JERSEY, et al., | : |
| Defendants. | : |

**APPEARANCES:**

Alejandro Izquierdo
484 Clifton Ave.
Apt. 304
Newark, NJ  07104
    Plaintiff pro se

Robert Hayes Murphy
Deputy Attorney General
Office of the Attorney General
State of New Jersey
R.J. Hughes Justice Complex
P.O. Box 116
Trenton, NJ  08625

**DEBEVOISE**, Senior District Judge

    Presently before the Court is the Motion [16] of all

Defendants to dismiss the Complaint for lack of jurisdiction.[1]

---

[1] The Court notes that the Brief in support of the Motion contains a caption for a different action, Manitta v. State of New Jersey, Civil No. 13-0420 (D.N.J.).  It is clear from the

For the reasons set forth below, the Motion will be granted.

I. BACKGROUND

The following factual allegations are taken from the Complaint [1] and are accepted as true for purposes of this Opinion and the accompanying Order.[2]  See Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

In the 70-page Complaint, Plaintiff Alejandro Izquierdo describes a multi-year history of interaction among himself, the mother of his child, and the New Jersey State Division of Youth and Family Services ("DYFS"), including civil litigation in the state courts of New Jersey which resulted in an order giving DYFS the care and supervision of Plaintiff's child, restraining Plaintiff from the home in which his child resides, and granting Plaintiff supervised visits with his child.  Plaintiff states that he was appointed counsel from the New Jersey Office of the Public Defender to represent him in the proceedings in state court, which are ongoing.  In short, Plaintiff is dissatisfied with the quality of supervision provided by DYFS and with the representation he has received from his public defender.  He contends that DYFS has violated his constitutional rights as

---

other documents, however, the Defendants are seeking to dismiss this matter on the grounds discussed in this Opinion.  In any event, as noted infra, this Court is under an independent duty to screen the Complaint for dismissal.

[2] By Order [10] entered September 17, 2013, this Court granted Plaintiff leave to proceed in forma pauperis.

2

well as various state laws, and he asserts jurisdiction under 42 U.S.C. § 1983, as well as under other provisions relating to general federal-question jurisdiction and supplemental jurisdiction over state-law claims.

The Complaint names as Defendants the State of New Jersey, the New Jersey State Division of Youth and Family Services, and the New Jersey State Office of the Public Defender. Plaintiff seeks declaratory relief, monetary damages, and injunctive relief.

## II. ANALYSIS

The Defendants have moved to dismiss the Complaint on the grounds that the Eleventh Amendment deprives this Court of jurisdiction and that they are not persons subject to suit under 42 U.S.C. § 1983.[3] In addition, this Court is independently required to dismiss, at the earliest practicable time, in forma pauperis actions, such as this, that fail to state a claim or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). Finally, a federal court may sua sponte raise the issue of Eleventh Amendment immunity as it relates to its own jurisdiction. See Walsh v U.S., 328 F.App'x 806, 809 (2009) (citing United States v. Bein, 214 F.3d 408, 412 (3d Cir. 2000)).

---

[3] The time for response has lapsed without Plaintiff filing any opposition.

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

The Eleventh Amendment to the U.S. Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. See, e.g., Edelman v.

Jordan, 415 U.S. 651, 663 (1974). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984). Section 1983 does not override a state's Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332 (1979). See also Hurst v. City of Rehoboth Beach, 288 F.App'x 20, 24-25 (3d Cir. 2008) (citing Edelman, Pennhurst, and Quern).

To determine whether Eleventh Amendment immunity applies to a state agency, a court must consider three factors: (1) the source of the agency's funding, i.e., whether payment of any judgment would come from the state's treasury, (2) the status of the agency under state law, and (3) the degree of autonomy from state regulation. See Flitchik v. New Jersey Transit Rail Operations, 873 F.2d 655, 659 (3d Cir.) (en banc), cert. denied, 493 U.S. 850 (1989).

Certainly, here, the State of New Jersey has not waived its Eleventh Amendment immunity. In addition, "[c]ourts in this district have long held that ... DYFS [is] "beyond dispute" [an arm] of the state for sovereign immunity purposes." Sweet-Springs v. Department of Children and Families, Civil No. 12-0706, 2013 WL 3043644, *5 (D.N.J. June 17, 2013) (collecting cases). It is equally well-established in this District that the Office of the Public Defender is a state agency entitled to

5

Eleventh Amendment immunity. See, e.g., Hughes v. State of New Jersey, Civil No. 11-1442, 2012 WL 761997, *3 (D.N.J. March 7, 2012) (citing Peterson v. Rinkus, Civil No. 10-5316, 2011 WL 2148312 (D.N.J. May 31, 2011) ("The Office of the Public Defender is an agency established by the State of New Jersey, in the Executive Branch, to fulfill the State's obligation to provide representation to indigent criminal defendants.").) Accordingly, the Eleventh Amendment deprives this Court of jurisdiction over all claims asserted here.

In any event, it is axiomatic that neither a state nor a state agency is considered a "person" under § 1983. See Howlett v. Rose, 496 U.S. 356, 365 (1990) ("an entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983") (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 64, 71 (1989)); Taylor v. Vineland Development School, 532 F.App'x 93 (3d Cir. 2013). Accordingly, none of the Defendants here can be considered a "person" amenable to suit under § 1983. Thus, the Complaint fails to state any claim under § 1983 against any of these Defendants.

III. <u>CONCLUSION</u>

For the reasons set forth above, the Complaint will be dismissed for lack of jurisdiction. It does not appear that Plaintiff could cure this defect by amendment. An appropriate order follows.

<u>/s/ Dickinson R. Debevoise</u>
Dickinson R. Debevoise
United States Senior District Judge

Dated: January 21, 2014